NO. 07-01-0138-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 30, 2002



______________________________




ANGELICA COOPER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 339TH DISTRICT COURT OF HARRIS COUNTY;



NO. 864842; HONORABLE CAPRICE COSPER, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Pursuant to a plea bargain, appellant Angelica Cooper was convicted of burglary of
a habitation with intent to commit theft and punishment was assessed at 18 years
confinement. Appellant filed a pro se general notice of appeal. In presenting this appeal,
counsel has filed an Anders (1) brief in support of a motion to withdraw. Based upon the
rationale expressed herein, the appeal is dismissed for want of jurisdiction.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of her right to review the record and file a pro
se brief if she desired to do so. Appellant filed a pro se brief. The State did not favor us
with a brief.

 When an appeal is made challenging an issue relating to a conviction rendered from
a defendant's initial guilty plea and the punishment assessed does not exceed the
punishment recommended by the State, the notice of appeal limitations of Rule 25.2(b)(3)
of the Texas Rules of Appellate Procedure are triggered. Vidaurri v. State, 49 S.W.3d 880
(Tex.Cr.App. 2001); see also White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001)
(holding that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted
according to their plain meaning and that failing to meet the requirements fails to invoke
the jurisdiction of an appellate court).

 By her pro se brief, appellant challenges the voluntariness of her plea. However,
voluntariness of a plea is not appealable from plea-bargained felony convictions. Cooper
v. State, 45 S.W.3d 77, 83 (Tex.Cr.App. 2001). Thus, because appellant filed a general
notice of appeal, we are without jurisdiction to entertain any arguable complaints that could
have been raised. 

 Accordingly, the appeal is dismissed for want of jurisdiction and we are without
jurisdiction to rule on counsel's motion to withdraw.


 Don H. Reavis

 Justice



Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).